# Mariotti, etc., v. Greco

*Alfred E. Swoyer*, for plaintiff.
*Joseph J. Cimino*, for defendant.

HOBAN, J., December 14, 1945.—The bill avers that defendant owned certain real estate upon which defendant's son, now deceased, proceeded to erect a dwelling house. At the son's order, but with the knowledge and consent of defendant, plaintiff furnished certain building materials to the son, all of which went into the construction of the house. Both the son and defendant made some payments on account of these materials, and this suit now seeks to have an equitable lien imposed on the property, a sale directed and the balance of the material bill paid from the proceeds. A copy of plaintiff's book entries is attached, showing ordinary entries of sales charges and credits to acount of "Dick Greca", presumably the son of defendant.

Plaintiff's claim for equitable relief is based upon the theory that defendant, by allowing the building materials in question to be converted into her real estate without payment therefor, became unjustly enriched at plaintiff's expense, that plaintiff may claim an equitable lien for the value of the goods so absorbed, and pursue equitable remedies for collection. The principle is stated in A. L. I. Restatement of Restitution, sec. 40 (c) :

"A person who has rendered services to another or services which have inured to the benefit of another

or who has affixed chattels to the land or chattels of another is entitled to restitution therefor if the services were rendered or the chattels were affixed: . . .

"(c) in the mistaken belief, of which the other knew or had reason to know, that the services would inure to the benefit of the one giving them or of a third person, or that the other promised to pay for them, . . ."

As to the application of the theory of restitution to the facts averred, if provable, the parties do not disagree, the defendant conceding by brief that the bill states a good case for restitution on the ground of unjust enrichment.

But defendant challenges the jurisdiction of equity. An answer raising preliminary objections sets out seven reasons, but these may be grouped into three main reasons: (1) Plaintiff has a full, complete and adequate remedy at law; (2) equity has no jurisdiction over the subject matter; (3) no facts are averred upon which equitable relief could be granted.

The second and third reasons may be disregarded, for if there were not a full, complete and adequate remedy at law, equity would not allow one person knowingly to be unjustly enriched at the expense of another under circumstances showing the consent of the beneficiary to the enrichment. Certainly the subject matter is clearly within the scope of equitable remedies, if other remedies are not complete and adequate.

But we are of the opinion that plaintiff has a full, complete and adequate remedy at law, to wit, an action of assumpsit, followed by the usual judgment and execution procedure.

Plaintiff looks for equitable relief to the principle expressed in section 170 of A. L. I. Restatement of Restitution:

"Section 170. Improvements induced by mistake or wrong.

"Where a person makes improvements upon property of another or otherwise increases its value, being in-

duced by fraud, duress, undue influence, or mistake of such a character that he is entitled to restitution, he is entitled to an equitable lien upon the property."

The comment upon this section indicates its application to suppliers of materials as well.

But the difficulty here is that there is nothing pleaded in the nature of fraud, duress, undue influence or mistake. The averment shows that the transaction was open and aboveboard, all the parties knew all the circumstances, and since the materials were supplied with the knowledge and consent of this defendant, she is liable as a quasi-contractee for the sale price of the materials. To hold otherwise would be to authorize her unjust enrichment. But her relationship to plaintiff is the ordinary one of debtor and creditor.

Suppose plaintiff had sold the materials in question direct to defendant for erection into a building under construction by her, could it be held that plaintiff could proceed in equity on defendant's refusal to pay? The position is untenable. Plaintiff is in no better case here.

The principle stated in section 40(c), supra, as applied to the averments establishes a legal right in plaintiff to recover the unpaid balance of his account, but does not confer any particular remedy. The remedy is the same one open to any creditor who sells a customer a bill of goods, where the only wrong is the failure of the customer to pay the bill.

Materialmen have the protection of the mechanics' lien laws to secure their accounts, if invoked in time. If not, they take their chances as other creditors and cannot call on equity for security after the expiration of the time for filing liens.

Since the only preliminary objection we sustain is that plaintiff has a full, complete and adequate remedy at law, the bill will be certified to the law side of the court for further proceedings, as required by equity rule 49.

Now, December 14, 1945, the second, third, fourth, fifth, and sixth preliminary objections are dismissed, but the first and seventh preliminary objections to the effect that plaintiff has a full, complete and adequate remedy at law are sustained, and

The bill in equity is hereby certified to the law side of the court for further proceedings in accordance with the Supreme Court Equity Rule 49.